UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Retha Pierce Sturdivant, *aka* Retha Pierce, | ) C/A No. 4:12-999-JMC-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Randy Rizzo; Charles Bryant; Jake Evans; Josephine Isom; Charlene Taylor; Donnell Thompson; Greg Hembree; Scott Graustein; Irene Evans Armstrong; Earlene Evan Woods; Tracy Edge, | ) |
| Defendants. | ) |

## I. PROCEDURAL BACKGROUND

This civil rights action was filed by a *pro se* plaintiff, Retha Pierce Sturdivant ("Plaintiff"), pursuant to 42 U.S.C. § 1983 (ECF No. 1). Pretrial proceedings in this case were referred to the undersigned pursuant to provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). At the time of filing the complaint, Plaintiff did not submit summonses and other papers necessary for service of process. By order dated May 4, 2012, Plaintiff was given an opportunity to provide the necessary service documents to bring the case into proper form (ECF No. 10). *See In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007). Plaintiff was warned that failure to provide the necessary service documents within the timetable set in the order would subject the case to dismissal. Plaintiff did not respond to the order and the time for response lapsed on May 29, 2012. Plaintiff has failed to prosecute this case, as well as comply with an order of the court.

## II. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure

for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir.1989), *cert. denied*, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990), and *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir.1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69 (4th Cir.1978). In the present case, the Plaintiff is proceeding *pro se* so she is entirely responsible for her actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no response has been filed to this court's order. The defendants have not been served in this case because Plaintiff has not provided necessary service documents. Plaintiff indicated in the complaint that she intended to file an amended complaint, but has not done so. It appears from Plaintiff's lack of prosecution that she no longer wishes to pursue this matter at this time. Dismissal should be without prejudice.

## RECOMMENDATION

It is recommended that this case be **dismissed *without prejudice*** pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). **The plaintiff's attention is directed to the following important notice.**

        s/Thomas E. Rogers, III
        Thomas E. Rogers, III
        United States Magistrate Judge

August 27, 2012
Florence, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 2317
>Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).