**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Retha Pierce Sturdivant, aka Retha Pierce, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Randy Rizzo; Charles Bryant; Jake Evans; )<br>Josephine Isom; Charlene Taylor; )<br>Donnell Thompson; Greg Hembree; )<br>Scott Graustein; Irene Evans Armstrong; )<br>Earlene Evan Woods; Tracy Edge, )<br>)<br>Defendants. )<br>_____) | Civil Action No.: 4:12-00999-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 17] filed August 27, 2012. Plaintiff Retha Pierce Sturdivant ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The Report recommends that the case be dismissed without prejudice pursuant to Rule 41 (b) of the Rules of Civil Procedure on the ground that Plaintiff has failed to comply with the court's order to bring the case into proper form and on the additional ground that Plaintiff has failed to prosecute this case. The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those

portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff timely filed objections [Dkt. No. 20] to the Magistrate Judge's Report. Objections to the Report must be specific. Failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

As a preliminary matter, the court notes that Plaintiff's objection appears incomplete. Plaintiff submitted a two-pages document, though it seems that she had originally prepared a three-page document. The text on page one ends mid-sentence and does not continue onto the next page. Moreover, the second page of Plaintiff's objection is listed as page three and includes only Plaintiff's salutation, signature and address. Despite this, Plaintiff has signed both pages and marked the pages in her handwriting as "1 of 2" and "2 of 2," from which the court must surmise that the document submitted, incomplete though it may be, is the document Plaintiff intended to be submitted.

The court can only discern one objection to the Magistrate's report which found that Plaintiff was entirely responsible for the fact that no action has been taken in her case. Plaintiff attempts to blame Defendants in this case for causing her to suffer "inhumane conditions and distractions . . .which along with a lot of other unforeseen handicaps" have caused her delays. Plaintiff also notes

that other charges against her and financial troubles have contributed to the delay in prosecuting her case. The court notes that Plaintiff never sought an extension of time in this case. Indeed, the instant objection is the only filing Plaintiff has made since initially filing her complaint in April 2012. For these reasons, the court **ACCEPTS** the Report and Recommendation [Dkt. No. 17] and incorporates it herein. It is therefore **ORDERED** that Plaintiff's Complaint [Dkt. No. 1] is dismissed without prejudice.

    **IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 4, 2012
Florence, South Carolina